UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **NAUTILUS INSURANCE CO** | **CASE NO. 3:21-CV-02363** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OTHELIA CAVAZOS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment and an Alternative Motion for Partial Summary Judgment [Doc. No. 27] filed by Plaintiff and Defendant in Counterclaim, Nautilus Insurance Company ("Plaintiff" or "Nautilus"). Defendant and Counterclaimant, Othelia Cavazos ("Defendant" or "Cavazos"), filed a Memorandum in Opposition to the Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment [Doc. No. 31]. Nautilus filed a Reply [Doc. No. 35].

Having considered the Motion, Opposition, and Reply, and for the reasons set forth below, **IT IS ORDERED** that the Motion is **GRANTED.**

I.  **FACTS AND PROCEDURAL BACKGROUND**

This case arises from an insurance claim for damages related to a fire ("Incident") that occurred at 113 South Franklin Street, in Bastrop, Louisiana ("Property") on April 15, 2020.[1] Cavazos purchased the commercial Property for $165,000,[2] and Nautilus issued Policy number NN1076424 (the "Policy") to Cavazos as the only insured for this Property.[3] The Policy was issued for the period December 23, 2019, to December 23, 2020, with a $500,000 limit as requested by

---

[1] [Doc. No. 31].
[2] [Doc. No. 27-4].
[3] [Doc. No. 27-6].

Cavazos.[4] The insurance policy between Cavazos and Nautilus stated that "No one may bring a legal action against us under this Coverage Part unless: 1) There has been full compliance with all of the terms of this Coverage Part; and 2) The action is brought within 2 years after the date of which the direct physical loss or damage occurred."[5] Further, the Policy excluded payment for loss or damage caused or resulting from the following:

> Dishonest or criminal act (including theft) by you, any of your partners, members, officers, managers, employees (including temporary employees and leased workers), directors, trustees or authorized representatives, whether acting alone or in collusion with each other or with any other party; or theft by any person to whom you entrust the property for any purpose, whether acting alone or in collusion with any other party.[6]

It is undisputed that on April 15, 2020, the Property was destroyed by a fire and the fire was declared of incendiary origin.[7] At the time of the Incident, Cavazos possessed a Ford Raptor truck that was seen at the Property immediately before the fire.[8]

On or around February 7, 2020, approximately two months before the fire, Cavazos, her boyfriend, Derek Cornelison ("Derek"), and a minor child, purchased a one-way ticket to Hawaii.[9] It is undisputed that around the time of her departure to Hawaii, Cavazos' bank account balance had been reduced from $69,026.82 to $5,284.34.[10] In March of 2020, Cavazos had $1,867.01 in her bank account and by April 30, 2020, $158.11 was in her account.[11] At some point between March and April of 2020, all utility services were disconnected to the Property.[12] After the fire's

---

[4] [*Id.*]
[5] [Doc. No. 27-6, p. 80].
[6] [*Id.* at p. 87].
[7] [Doc. No. 27-1; Doc. No. 33, p. 11].
[8] [Doc. No. 33, p. 2, 9].
[9] [Doc. No. 27-12].
[10] [Doc. No. 14].
[11] [*Id.*]
[12] [Doc. No. 27-1, p. 3; Doc. Nos. 27-8, 9, 10].

completed investigation, the Property was found to have minimal contents located inside of it.[13]

In February of 2022, Tyson Cornelison ("Tyson"), Derek's brother, was convicted in Morehouse Parish on several counts related to the Incident. The convictions are as follows:

> Count 2 – Arson with Intent to Defraud "On or about April 15, 2020, Willfully and Intentionally Set Fire to, or Damage by any Explosive Substance, the Structure at 113 South Franklin Bastrop, Louisiana, with the Intent to Defraud, Contrary to the Provisions of R.S. 14:53";
>
> Count 3 – Conspiracy to Commit Arson with Intent to Defraud "On or about April 15, 2020, Willfully and Intentionally Conspire with Derek Cornelison and Othelia Cavazos to Set Fire to, or Damage by any Explosive Substance, the Structure at 113 South Franklin, Bastrop, Louisiana, with the Intent to Defraud, Contrary to the Provisions of R.S. 14:53 and R.S. 14:26"; and
>
> Count 4 – Injury By Arson "On or about April 15, 2020, Willfully and Unlawfully Intentionally Damage, by any Explosive Substance or by Setting Fire, the Structure or Property Belonging to Another, Namely the Property of Othelia Cavazos located at 113 South Franklin, Bastrop, Louisiana, where a Firefighter Present at the Scene and Acting in the Line of Duty was injured as a Result of the Fire or Explosion, Contrary to the Provisions of R.S. 14:51.1".[14]

During the trial, testimony was introduced regarding an agreement between Cavazos, Derek, and Tyson. The alleged agreement was for Cavazos to give the Ford Raptor truck, seen at the Property immediately before the fire, to Tyson, but no money or papers had exchanged hands at or before the time of the fire.[15]

---

[13] [Doc. No. 33, p. 6].
[14] [Doc. No. 27-16, p. 1-2, Doc. No. 27-17].
[15] [Doc. No. 27-15, p. 125].

On August 6, 2021, Nautilus filed a Declaratory Judgment against Cavazos.[16] On February 20, 2024, Cavazos filed a Counterclaim under the Policy seeking the $500,000 policy limits and statutory claims under La.R.S. 22:1892, and/or La.R.S. 22:1973.[17]

On April 19, 2024, Nautilus filed a Motion for Summary Judgment and an Alternative Motion for Partial Summary Judgment.[18] Nautilus moves the Court to make several findings, including that (1) they are legally entitled to rely on the criminal conviction of Tyson Cornelison for conspiracy to commit arson with intent to defraud in connection with Cavazos, which protects them from liability under the Policy, La.R.S. 22:1892 and/or La.R.S. 22:1973; and (2) in the alternative, they can have no liability under the Policy, La.R.S. 22:1892 and/or La.R.S. 22:1973 because the Counterclaim was untimely filed. In response, Cavazos asserts that Nautilus failed to carry their burden due to the existence of genuine issues of material fact.

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P.

---

[16] [Doc. No. 1].
[17] [Doc. No. 27-1].
[18] [*Id*.].

4

56(c)(1). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas*

5

*Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. In an action that requires "the interpretation of insurance policies issued in Louisiana, Louisiana substantive law governs our decisions." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co*., 352 F.3d 254, 260 (5th Cir. 2003).

### B. Analysis

Nautilus has moved for summary judgment and asserts that it cannot be liable under the Policy, La.R.S. 22:1892, and/or La.R.S. 22:1973. Cavazos opposes Nautilus' Motion and submits that Nautilus has not carried its burden for summary judgment. Further, Nautilus maintains that, in the event that a claim is found, the counterclaim is time limited. Cavazos does not offer any argument rebutting this presumption.

Under Louisiana law, "[a]n insurance policy is an aleatory contract subject to the same basic interpretive rules as any other contract." *Doerr v. Mobil Oil Corp*., 774 So. 2d 119, 123 (La. 12/19/00), opinion corrected on reh'g, 782 So. 2d 573 (La. 3/16/01). "[A]n insurance contract must be interpreted as a whole." *F.D.I.C. v. Booth*, 82 F.3d 670, 674 (5th Cir. 1996). When interpreting insurance contracts, the Court's function is to determine the parties' common intent. La. Civ. Code

Ann. art. 2045. See also *Doerr*, 774 So. 2d at 124. "As for the policy itself, "[w]hen determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms." *Doerr,* 774 So. 2d at 124.

Arson by an insured has long been recognized by Louisiana courts as a coverage defense in claims for losses due to a fire. "An insurer's failure to pay based on a good faith belief of arson is not arbitrary and capricious." *Young v. State Farm Fire & Casualty Ins. Co*., 426 So. 2d 636, 645 (La. App. 1st Cir. 1982). The burden of proof is on the defendant in proving by a preponderance of the evidence "(1) that the fire was of an incendiary origin, and (2) that the plaintiff was responsible for setting the fire." *Kelly v. Commercial Union Ins. Co.,* 709 F.2d 973, 975 (5th Cir. 1983). However, "[a] motive [on the part of the insured], plus the incendiary origin of the fire, would, in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense [of arson] pleaded by the insurer." *Ashworth v. State Farm Fire & Cas. Co.,* 738 F. Supp. 1032, 1032 (W.D. La. 1990) (quoting *Sumrall v. Providence Washington Insurance Co*., 221 La. 633, 60 So. 2d 68 (1952)). The proof may be "[e]ntirely circumstantial, and in these instances, a finding for the defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire." *Rist v. Com. Union Ins. Co.,* 376 So. 2d 113 (La. 1979).

### 1. Incendiary Origin

Undoubtedly, the fire at the Property was of incendiary origin, and the investigating officials concluded as such. Tyson, Derek's brother, was found guilty of willfully and intentionally setting fire to or damaging by an explosive substance Cavazos' Property in furtherance of an intent to defraud. Further, Samual Allen, a retained expert by Nautilus, reported that "some form of

human intervention occurred to assist in the ignition of the fire."[19] Additionally, all utility services had been disconnected prior to the fire and the investigating officials noted that the Property had exceedingly limited contents at the time of the fire. Thus, there is no question that the fire started due to an incendiary origin.

### 2. Motive

#### a. Financial Straits

An insurer need only show that an insured had a motive in starting the fire, as opposed to direct evidence proving an individual or individuals was responsible. *See, e.g. Ashworth v. State Farm Fire & Cas. Co.*, 738 F. Supp. 1032, 1032 (W.D. La. 1990). A common motive that courts consider related to an arson defense is a financial one—whether the insureds had financial difficulties at the time of the fire. *Dawson v. Miller*, 594 So. 2d 970, 972 (La. App. 3 Cir. 1992) (insured "needed money"); *Briggs v. New Hampshire Indem. Co.*, 579 So. 2d 1221, 1223 (La. App. 3 Cir. May 22, 1991) (insured's mother, who was a source of substantial income, died); *Rist v. Commercial Union Ins. Co.*, 376 So. 2d 113, 114 (La. January 1, 1979) (insured was bankrupt and had bad credit rating).

Here, Cavazos' financial situation was declining rather quickly, and, in her Opposition, she admitted to the decline. In January 2020, supporting documents show that Cavazos had a balance of $69,026.82 and the next month it was reduced to $5,284.34. In March of 2020 the balance was $1,867.01 and as of April 30, 2020, when the incident occurred, the balance was $158.11. Further, Cavazos admitted that her sod business in Hawaii was substantially harmed due to an eruption that occurred in 2018. Financial motive can also be found where the amount of the claim greatly exceeds the property's value. *See Evans v. State Farm General Ins. Co.*, 833 So.2d 1143, 1147 (La.

---

[19] [Doc. No. 33, p. 11].

App. 2d Cir. 12/11/02). There is no question that Cavaos would have greatly benefitted from the insurance proceeds. The Policy was for $500,000 on a property purchased for $165,000, for a gain of $335,000.

Cavazos maintained her innocence throughout Tyson's proceedings and rebuts any motive for entering an agreement with Tyson to set the fire. However, there is no dispute that Tyson was charged and convicted of willfully and intentionally conspiring with Derek Cornelison and **Othelia Cavazos** to set fire to, or damage by an explosive substance Cavazos' property (emphasis added). Consequently, a finding for Nautilus is warranted because there is no evidence to sustain any other reasonable hypothesis but that Cavazos is responsible for the fire.

Thus, there exists no genuine issue of material fact, which makes summary judgment proper, and Nautilus's Motion is **GRANTED**.

### C. Counterclaims

Although a discussion regarding the counterclaims is not warranted due to the analysis above, the Court will briefly address Nautilus' motion for partial summary judgment regarding the counterclaims filed by Cavazos on February 20, 2024. Nautilus argues that the counterclaims are "time limited" because the filing is nearly four (4) years after the loss.[20] Cavazos fails to rebut Nautilus' untimely arguments and instead only concludes that Nautilus should be "required to answer the Counterclaim."[21]

Nautilus cites *Wilson v. Louisiana Citizens Property Ins. Corp*., 375 So. 3d 961 (La. 1/10/24), in furtherance of its argument that the counterclaims are time barred. It is acknowledged by the Court that *Wilson* did not have the same procedural history as this case because the *Wilson* plaintiff filed a complaint against her insurer seeking to recover penalties pursuant to La. R.S.

---

[20] [Doc. No. 35, p.3].
[21] [Doc. No. 31, p. 5].

22:1892 and La. R.S. 22:1973, rather than a counterclaim. *Id*. Regardless, the losses in *Wilson* occurred on August 27, 2020, and October 20, 2020, and the plaintiff filed suit on January 9, 2023. *Id.* The insurer filed an exception of prescription, asserting the suit was filed after the required contractual limitation set out in the policy of two years. *Id.*

Within the *Wilson* case, the Louisiana Supreme Court cited *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, which stated that "in the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid." *Id.* (*citing Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 62 So.3d 721, 728 (La. 3/15/11)). The Louisiana Supreme Court further clarified that there is no prohibition precluding an insurer from adopting a two-year limitation because it is within the time period set out in La. R.S. 22:868(B). *Id.* Thus, the Court ruled that the two-year limitation on filing claims based on La. R.S. 22:11892 and La. R.S. 22:1973 was consistent with the statue and therefore, because the claims were filed after the time period allowed in the policy, the claims were time-barred. *Id.*

Here, the time provision in the Policy makes it clear that Cavazos was to bring the claim within two (2) years of the Incident in order to recover for the loss. The Incident occurred on or about April 15, 2020, but Cavazos did not bring legal action against Nautilus to recover for the loss under the Policy until February 20, 2024. Therefore, Cavazos's claim is time-limited because she failed to bring legal action within the two-year time period. Thus, even if there was a genuine issue of material fact regarding Cavazos' motive, Cavazos cannot recover under the policy because the claim is time limited.

Therefore, Nautilus can have no liability under La.R.S. 22:1892, and/or La.R.S. 22:1973, and there is no coverage under the Policy.

Accordingly, there is no genuine dispute of material fact making summary judgment proper, and Nautilus's Motion is further **GRANTED** on these grounds.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADUDGED, AND DECREED** that Plaintiff and Defendant in Counterclaim, Nautilus Insurance Company ("Nautilus"), Motion for Summary Judgment [Doc. No. 27] is **GRANTED**, and it is the ruling of the Court that the Nautilus Insurance Company Policy No. NN1076424 affords no coverage of the April 15, 2020, fire.

MONROE, LOUISIANA, this 24th day of June 2024.

_____
Terry A. Doughty
United States District Judge